# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**KEVIN W. BARKMAN,**
                    Plaintiff,

**Case No: 24-cv-**
**Hon.:**

vs.

**CITY OF ECORSE,**
**FREDDIE HUGLEY,**
**CORNELIUS HERRING,**
**GEOFFREY HOWARD,**
**RICK MERCADO,**
**RICHARD MARSH,**
**ESTATE OF JOSEPH THOMAS,**
**NARDA BRUNO, JERRY FLOWERS,** and
**CHARLES LACKEY**

                    Defendants.

_____ /

DENNIS G. WHITTIE (P79560)
THE WHITTIE LAW CENTER, PLLC
Attorney for Plaintiff
1500 N. Stephenson Hwy., Ste 239
Royal Oak, MI 48067
(313)365-0258
(313)447-2737 (Facsimile)
whittielawcenter@gmail.com
Dennis@whittielawcenter.com

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL

PAGE **1** OF **41**

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

NOW COMES the Plaintiff, KEVIN W. BARKMAN, by and through his attorney, DENNIS WHITTIE, and for his Complaint he states that:

### JURISDICTION, PARTIES, VENUE

1. This action arises out of Plaintiff's employment.

2. This Court has jurisdiction over Count I and III pursuant to 42 USC 2000e-5 and 28 USC 1331, 1343.

3. This Court has jurisdiction over Count II, IV, V, VI, and VII pursuant to 28 USC 1331, 1343.

4. In addition, Count I and III have been properly filed after Plaintiff received a "right-to-sue" letter from the U.S. Equal Employment Opportunity Commission before commencing this civil action.

5. Kevin W. Barkman (Plaintiff) is a resident of the State of Florida.

6. For all times material to this Complaint, Plaintiff worked in the City of Ecorse, County of Wayne, within the Eastern District of Michigan, Southern Division.

7. The City of Ecorse (Defendant) ("City") is a Michigan municipal corporation in the City of Ecorse, County of Wayne, State of Michigan, within the Eastern District of Michigan, Southern Division.

8. Geoffrey Howard (Defendant) ("Howard") is a resident of the City of Ecorse, County of Wayne, State of Michigan, within the Eastern District of Michigan, Southern Division.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

9.  Freddie Hugley (Defendant) ("Hugley") is a resident of the City of Belleville, County of Wayne, State of Michigan, within the Eastern District of Michigan, Southern Division, and is employed with the City of Ecorse as a police officer.

10. Cornelius Herring (Defendant) ("Herring") is a resident of the Township of Redford, County of Wayne, State of Michigan, within the Eastern District of Michigan, Southern Division and was employed with the City of Ecorse as a police lieutenant (supervisor).

11. Rick Mercado (Defendant) ("Mercado") is a resident of the City of Lincoln Park, County of Wayne, State of Michigan, within the Eastern District of Michigan, Southern Division, and is employed with the City of Ecorse as a police corporal (supervisor).

12. Joseph Thomas (Defendant) ("Thomas") was a resident of the City of Brighton, County of Livingston, State of Michigan, within the Eastern District of Michigan, Southern Division, and was employed in the City of Ecorse as its Director of Public Safety, and is now deceased.

13. Richard Marsh (Defendant) is a current resident of the State of Arizona but was a resident within the Eastern District of Michigan, Southern Division, while employed by the City of Ecorse as the City Manager/City Administrator.

THE WHITTLE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

THE WHITTLE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

14. Narda Bruno (Defendant) ("Bruno") is a resident of the City of Flat Rock, County of Wayne, State of Michigan, within the Eastern District of Michigan, Southern Division, and was employed with the City of Ecorse.

15. Jerry Flowers (Defendant) ("Flowers") is a resident of the City of Dearborn, County of Wayne, State of Michigan, within the Eastern District of Michigan, Southern Division, and is employed with the City of Ecorse.

16. Charles Lackey (Defendant) ("Lackey") is upon information and belief a resident of the County of Wayne, State of Michigan, within the Eastern District of Michigan, Southern Division.

17. The events giving rise to this case arose within the Eastern District of Michigan, Southern Division.

18. Plaintiff filed a dual complaint and request for investigation to the Michigan Department of Civil Rights (MDCR) and the Equal Employment Opportunity Commission (EEOC).

19. Given the statute of limitations for Plaintiff's state law claims, Plaintiff filed a civil action in the Wayne County Circuit Court, State of Michigan, which is currently pending, *Kevin W. Barkman v. City of Ecorse, et al*., Case No. 2023-012123-CD.

## FACT ALLEGATIONS

20. Plaintiff was at all relevant times employed by Defendant City.

21. Plaintiff was employed in Defendant City's police department as a police officer.

22. Words used by fellow officers to describe Plaintiff were an "excellent officer," "great cop," and "stand up guy."

23. Plaintiff is a Caucasian, homosexual, male, who is married to another Caucasian, homosexual male.

24. Plaintiff was employed as a police officer beginning from July 4, 2004, until December 1, 2022.

25. Plaintiff worked in Defendant City's police department with Defendants Howard, Herring, Mercado, Hugley, Bruno, and Flowers.

26. Plaintiff was the only open homosexual male in the police department.

27. Beginning in 2016 and continuing through 2024, Plaintiff was harassed due to his race and sex/sexual orientation by Defendants Howard, Herring, Mercado and Hugley.

28. The harassment increased in both intensity and pervasiveness when Plaintiff married another Caucasian, homosexual male.

29. The harassment included, but was not limited to, having Plaintiff's name tag stolen from his departmental mailbox, being assaulted by Defendant Howard during a union meeting, unfounded comments made that Plaintiff was a car thief, comments made about him being a "fag" to fellow officers and officers from outside agencies,

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

and an unfounded and retaliatory request for an arrest warrant being submitted for Plaintiff's arrest.

30. Defendants Howard, Herring, Mercado, and Hugley made false allegations that Plaintiff was a car thief.

31. Not only did Defendants Howard, Herring, Mercado, and Hugley make these false allegations to many others, they called the local media to publicize their false claims—several times.

32. Even further, Defendant Mercado attempted to get a tow truck driver to make false allegations against Plaintiff.

33. Even after Plaintiff was constructively discharged due his mental health status as a result of the harassment, comments were made between Defendants Howard, Herring, Mercado and Hugley that they were going to "get that faggot" and "send that faggot to prison."

34. Comments made by Defendants Howard, Herring, Mercado, and Hugley were not limited to those within the Ecorse Police Department as Defendants Howard, Herring, Mercado, and Hugley went outside of the police department, to disparage, demean, and cause undue stress and hardship on Plaintiff.

35. For example, Mercado and Herring had more than one conversation with officer(s) from outside agencies falsely implicating Plaintiff was involved in criminal

THE WHITTLE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

THE WHITTLE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

conduct. These false implications were often linked to Plaintiff being homosexual by Defendants' comments.

36. No charges from any federal, state, or local law prosecutors were ever authorized, despite Defendant Hugley, Howard, Herring, and Mercado's continuous and constant efforts to brand Plaintiff as a criminal.

37. This is not a surprise as Plaintiff committed <u>no</u> crimes as alleged by his harassers.

38. Important to this civil action is that Defendant City has taken the expressed position that Plaintiff engaged in <u>no</u> criminal conduct as alleged by Defendant's Herring, Howard, Hugley, and Mercado.

39. The harassment of Plaintiff was so great that at least one other officer complained about the harassment of him for accepting Plaintiff's sexual orientation.

40. The IT Director also complained that Defendant Mercado would make derogatory comments based on Plaintiff's gender and his sexual orientation so continuously that he had to advise Defendant Mercado to cease his harassing conduct.

41. Defendant Mercado consistently talked about Plaintiff's sexual orientation to other officers.

42. Defendant Mercado, while in the Fire Academy program, complained to at least one other officer that he did not agree that Plaintiff should be permitted to attend the Fire Academy while using the same locker room as other officers.

43. Notably, Plaintiff had already completed the Fire Academy in a session prior to Defendant Mercado's Fire Academy program, thus, there was <u>no</u> chance Plaintiff would use a shared locker room with Defendant Mercado, yet Defendant Mercado continued disparaging Plaintiff to other officers on the basis of Plaintiff's sex/sexual orientation.

44. This is an example of Defendant Mercado's unhealthy obsession with Plaintiff being a homosexual and not conforming to gender stereotypes and being able to remain fully employed with the same rights and benefits as other public safety officers.

45. This constant discussion about Plaintiff being a homosexual was not limited to Defendant Mercado.

46. Defendants Mercado, Hugley, and Howard were all involved in a discussion regarding Plaintiff and his sexual orientation.

47. Defendant Herring also made comments about Plaintiff's sexual orientation.

48. Prior to Plaintiff being assigned to an Auto Theft Task Force, Defendant Herring informed the outside Auto Theft Task Force team that Plaintiff was "gay" when it was uncalled for and inappropriate.

49. Plaintiff made his first of several harassment complaints in 2019 continuing into 2022.

THE WHITTLE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

50. While Defendant City claimed to be acting in response to Plaintiff's complaint, no action was taken by Defendant City or its policy makers to protect Plaintiff from the unlawful harassment, retaliation, and discrimination.

51. Defendant City eventually hired an outside investigative agency, Investigative Intelligence Group, to investigate the complaint but just as the findings were to be brought confirming Plaintiff's allegations of harassment, Defendant City, through Defendant Marsh, terminated their services.

52. The abrupt end to the investigation marked a stark shift from other harassment complaints Defendant City received from African American, heterosexual employees before, during, and after Plaintiff's allegations.

53. When an African American heterosexual female officer filed a similar complaint, the complaint was investigated immediately and brought to a disposition.

54. When other African American heterosexual male officers filed similar complaints, their complaint was investigated immediately and brought to a disposition.

55. On the other hand, when at least one other Caucasian officer filed a workplace harassment complaint, the claim was ignored by Defendant City just as Plaintiff's complaints were ignored.

56. Moreover, then Deputy Police Chief and now, Chief of Police, Defendant Flowers specifically uses an employee's race as one determination on what

THE WHITTLE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

assignment they should receive including that African American officers should be assigned to Defendant City's Detective Bureau.

57. There is a policy or custom of Defendant City to treat Caucasian employees differently than African American employees when filing workplace harassment complaints.

58. There is a policy or custom of Defendant City to treat homosexual employees differently than heterosexual employees when filing workplace harassment complaints.

59. Plaintiff continued making complaints up to and through 2022.

60. Finally, after years of complaints with no remedial action being taken reasonably calculated to eliminate the conduct, Defendant City hired another outside investigative agency, AG Advisors Global, that fully investigated and published its findings.

61. AG Advisors Global determined that Plaintiff's allegations were proven true and found Plaintiff's complaints substantiated.

62. Yet, Defendant City still took no remedial action.

63. When Plaintiff reached out to the city council, two council members responded.

64. One council member stated she took the allegations of discrimination and harassment seriously and they would be investigated.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

65. Another council member responded—not to address the harassment complained about—but instead asked whether Plaintiff's email was a good email address as the councilmember was requesting the police labor union's endorsement and had not received a response from the union.

66. The then Police Chief, Michael Moore, attempted to address the issue but was prevented from doing so by then City Administrator Richard Marsh.

67. In fact, Director Moore was terminated thereafter based in large part for attempting to address and stop the Defendants' harassment of Plaintiff.

68. Defendant Marsh, then hired Defendant Joseph Thomas as the next Director of Public Safety to replace Director Moore.

69. Defendant Thomas and Marsh, unknown to them that they were still on a live Zoom, shared a telephone call after a council meeting where Defendant Thomas stated that he would 'have that boy coming out in handcuffs' in relation to Defendant City's mayor and that he would have an arrest warrant for Plaintiff's arrest.

70. Importantly, Defendant City expressly stated that it could have terminated Defendants Howard and Herring for their hostility toward Barkman - but chose not to.

71. Defendant City was clear that it had authority to take action including terminating Defendant Howard and Herring as stated in their Motion for Summary Judgment in the U.S. District Court, Eastern District of Michigan, relative to Defendant Howard and Herring's civil action against the City of Ecorse, Narda Bruno,

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

and Michael Moore: "Under such circumstances, the Defendants [City of Ecorse, Bruno, Moore] have an absolute right to quell disruption within their workplace and could have, justifiably, terminated both Plaintiffs [Howard and Herring] for their hostility toward Barkman. Instead, the Defendants [City of Ecorse, Bruno, and Moore] tried for years to reconcile the disputes between their employees, *Id.*, and managed to keep Plaintiff Howard as an employee, going so far as promoting him." *Cornelius Herring and Geoffrey Howard v. City of Ecorse, Lamar Tidwell, Michal Moore, and Narda Bruno*, Case No. 22-cv-11109.

72. Thus, not only was Defendant Howard not disciplined in any form, but he was also actually rewarded for his "hostility toward" Plaintiff.

73. Upon information and belief, Mayor Lamar Tidwell wanted to take action but was powerless to do so as Defendant City's structure placed Defendants Marsh and Thomas with final authority.

74. Mayor Tidwell remarked that Defendants Howard, Herring, Mercado, and Hugley "threw everything they could at Barkman" because he was a homosexual.

75. Plaintiff was placed on medical leave for mental health issues, including depression, related to the continuous harassment and "torture."

76. Defendant City's psychologist placed Plaintiff on leave and filed reports indicating that the workplace harassment was the cause of Plaintiff's condition.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

77. Plaintiff wanted to return to employment and continued to inquire what would be done about the harassment so that he could return to work and continue his career.

78. Defendant Bruno remarked in text messages that she too, wanted Plaintiff to come "home" to his employment.

79. Moreover, after being appointed to the Director of Public Safety position, she had to advise Defendant Flowers, the then Deputy Chief of Police, to "back off" of Barkman.

80. In 2021, one harasser, Defendant Howard, demonstrated his hostility toward Plaintiff and his sexual orientation by advising the AG Advisors Global investigative team that he in <u>no</u> way will work with Plaintiff if Plaintiff were to return to the department.

81. Furthermore in 2021, Defendant Hugley submitted a warrant request for Plaintiff's arrest by falsely alleging that Plaintiff had committed a Law Enforcement Information Network (LEIN) violation.

82. Defendant Hugley was a patrolman, was not a detective, and never filed a request for an arrest warrant prior to this request he made against Plaintiff.

83. Defendant Hugley and Defendant City did not complete a full investigation including the preservation of all records and video recordings, nor did Defendant Hugley even interview or speak with Plaintiff.

84. Additionally, Defendant Flowers as the Deputy Police Chief with delegated authority from Defendant City was supportive of Defendant Hugley's methods for an incomplete investigation.

85. Not only did Defendant Flowers acquiesce in the improper conduct, but he also specifically endorsed it.

86. Instead, Defendant Hugley actively sought out the support of a civilian (non-certified police officer), Charles Lackey to discuss the allegations and assist him in drafting and submitting the incomplete warrant for Plaintiff's arrest.

87. As this Honorable Court knows, a warrant requires probable cause in order to investigate, as warrants allow the government to impede upon an individual's right to be free from unreasonable searches and seizures. This rushed and improper warrant was not supported by probable cause and only served to further attack Plaintiff's constitutional rights and harass him due to Defendant Hugley and Defendant Charles Lackey not supporting Plaintiff's race and sex/sexual orientation.

88. Defendant Charles Lackey was a contractor for Defendant City of Ecorse at one time but was no longer contracted with Defendant City during this concerted action between Defendants Hugley and Lackey.

89. Thus, Defendant Lackey jointly engaged with state officials in his conduct.

90. Defendant Hugley requested no video recordings of the front desk area to determine if Plaintiff was actually at the computer terminal where the LEIN inquiry

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

was made.  This could have exonerated Plaintiff immediately and brought any other

bad actor using Plaintiff's credentials to discipline.

91. Rather, in October of 2024, after over a year from when Plaintiff's state civil

suit was filed, the office of Defendant Thomas, Marsh, and City's attorney filed a

Freedom of Information Act (FOIA) to request for any video.  As years had passed

from the time of the alleged LEIN violation, as expected, Defendant City had no video

available.  The simple act performed by Defendant City's Counsel, years later, should

have been taken by Defendant City as a part of a timely and complete investigation.

92. As highlighted above, Defendant Hugley and Defendant Lackey targeted

Plaintiff because he is a Caucasian, homosexual male.

93. Hugley's eventual request for a warrant for Plaintiff's arrest was the only

request for an arrest warrant filed in Defendant Hugley's years of employment.

94. Upon information and belief, Defendant Hugley discussed the issue with the

then Director of Public Safety, Narda Bruno, and Defendant Deputy Director, Jerry

Flowers, who permitted the action or directed Hugley to make the request for an arrest

warrant.

95. As it became obvious that even though Defendant City's own investigation by

the outside agency, AG Advisors Global, sustained Plaintiff's claims, Defendant City

still took no action and never planned to take actions to protect Plaintiff.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

96. As evidenced by Defendant City's statement, supra, in its Motion for Summary Judgment, Plaintiff's assessment was correct – Defendant City could have, but never did, or would never take any action based on Plaintiff's complaints for hostile work environment that was perpetrated for years.

97. At no time during Plaintiff's employment was a change of schedule offered as it had been to African American, heterosexual males, and a heterosexual female when they made similar complaints of workplace harassment.

98. At no time during Plaintiff's employment did Defendant City take any action to discipline Defendants Howard, Herring, Mercado, and Hugley based on Plaintiff's complaints.

99. Even though it clearly expressed and the ability to do so, at no time did Defendant City attempt to prevent any future incidents of harassment of Plaintiff.

100.     Rather, Defendant City acquiesced in the conduct and permitted it to continue, despite Defendant City's policies and Plaintiff's Collective Bargaining Agreement prohibiting such conduct

101.     Even while Plaintiff was off on mental stress leave, but still employed, Defendants continued their behaviors of making false allegations to media sources, referring to Plaintiff as a "fag," all the while the information was relayed back to Plaintiff from other employees.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

102.     Plaintiff inquired what could be done by Defendant City upon his return to active employment.

103.     Defendant City provided no response other than it may issue potential discipline that Defendants Mercado, Hugley, and Howard could receive.

104.     This assurance was hollow given Defendant City's inaction for years.

105.     At no time did Defendant City discipline Defendants Herring, Howard, Hugley, or Mercado, or provide any potential education, warnings, or training for employees, or even make work schedule changes to accommodate Plaintiff and alleviate the hostile work environment.

106.     Even so, when having the ability to do so as expressly stated by Defendant City, Director of Public Safety Nardo Bruno and Deputy Police Chief Jerry Flowers (and thereafter, when acting as the police chief) took no action based on Plaintiff's repeated complaints.

107.     As such, Plaintiff was constructively discharged when he was forced to take an early medical retirement as the harassment was too great and Defendant City and its final policy makers was never going to address the harassment of Plaintiff.

108.     Plaintiff filed a joint Complaint with the Michigan Department of Civil Rights ("MDCR") and the Equal Employment Opportunity Commission ("EEOC") on or about March 1, 2021.

109.     Plaintiff provided any information requested by the MDCR to the

MDCR.

110.     The MDCR made repeated requests from Defendant City for a response.

111.     The MDCR noted that the Defendant City's response was due on March

22, 2021.

112.     That deadline came and went with Defendant City simply ignoring the

MDCR/EEOC complaint.

113.     After several new deadlines were set because of Defendant City's refusal

to respond, Defendant City finally provided a position statement on January 13, 2023

– 10 months later.

114.     As a result of the Defendant City's delay, their latest legal counsel,

Zausmer, P.C. by Heidi D. Hudson, incredibly claimed that Plaintiff's complaint was

not timely.

115.     Moreover, the Position Statement disingenuously claimed it did not have

details of the complaint, even though Defendant City was fully aware of the AG

Advisors Global report where the claims were investigated in detail and a finding that

Plaintiff's claims were substantiated.

116.     An additional example of Defendant City's disingenuous Position

Statement is that Defendant City was aware of Plaintiff's numerous complaints to the

police administration and to separate city attorneys, Charles Wycoff during his tenure,

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

then Mundy and Lewis, PLLC during their tenure, and then to The Plato Law Firm, the City's current city attorneys.

117.    Importantly, Defendant City's current attorneys, The Plato Law Firm, were also certainly aware of Plaintiff's complaints as it clearly stated in their filings, discussed above, relative to Defendant Herring and Howard's civil action against Defendant City of Ecorse that Defendant City had the ability to terminate Defendant's Herring and Howard for their hostility toward Plaintiff but refused to do so.

118.    Defendant City's blatant delay in even responding with its Position Statement to the MDCR exacerbated the mental anguish inflicted upon Plaintiff.

119.    Even after the period of time when the orchestrated criminal investigation against Plaintiff  resulted in no criminal charges being issued against Plaintiff and after Plaintiff had filed his joint complaint with the MDCR and the EEOC, Defendants Howard, Hugley, and Mercado were still discussing and planning their retaliation to send Plaintiff to prison.

120.    On August 23, 2023, Plaintiff filed a request for a copy of his employment/personnel file pursuant to the Bullard Plawecki Employee Right-To-Know Act, MCL 423.501 et seq.

121.    After several weeks and through repeated inquiries, Plaintiff was able to obtain his file that was kept in the Human Resources Department.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

122.    The file in the Human Resources Department had only 17 pages and included random payroll sheets from 2015, an Asax sign-up sheet, and an AFLAC sign up letter.

123.    The Human Resources Department representative advised Plaintiff that his "other personnel file" was kept in the Police Department.

124.    Plaintiff followed-up with the Records Section of the Ecorse Police Department and was told they were "working on it".

125.    Upon several more inquiries, the Records Section stated they would get to it soon.

126.    This violation of the Bullard Plawecki Employee Right-To-Know Act was at the direction of Police Chief Jerry Flowers.

127.    The Bullard Plawecki Employee Right-To-Know Act claim was filed in Plaintiff's state law claims in the Wayne County Circuit Court.

128.    It was not only until that litigation commenced and then almost a year after the filing of that civil complaint, did Defendant City comply.

129.    Chief Flowers' blatant violation of the Bullard Plawecki Right-To-Know Act demonstrates he is taking an active role in the harassment and retaliation that even continued through the filing of Plaintiff's lawsuit in the Wayne County Circuit Court.

130.    Contained in the employee personnel file, there were documents related to Plaintiff's hostile workplace environment complaints.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

131.    Within those documents, Defendant City concedes that based upon the AG Advisors report, depositions in the instant case would not likely create a strong defense for Defendant City.

132.    Moreover, in those documents Defendant City took the position that Plaintiff was emotional and could appear sympathetic but that it clouded his recall of facts for future litigation.

133.    In essence, Plaintiff's demeanor and emotional state had drastically changed and Defendant City strategized to use this emotional state against Plaintiff to defend itself of all of Defendants' wrongful conduct.

134.    In other words, Defendant City plans on using the damage it and the other defendants caused Plaintiff and the vulnerable emotional state the workplace harassment, retaliation, and discrimination left Plaintiff in, to undercut Plaintiff in this litigation.

135.    Plaintiff was covered under the collective bargaining agreement between Defendant City and its agents that were also parties to the collective bargaining agreement, that no discrimination or retaliation was permitted.

136.    Defendant City breached this agreement when it failed to take action relative to Plaintiff's complaint of a hostile work environment, discrimination, and retaliation based upon Plaintiff's race and sex/sexual orientation.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

137.    Up to the date of this filing, no action has been taken regarding Plaintiff's complaints for hostile work environment, retaliation, or discrimination.

138.    Plaintiff was constructively discharged by being forced to take an early medical retirement where his earnings are severely limited to what would have been available to him if still employed or with a full retirement and pension.

139.    Meanwhile, Defendants Mercado, Howard, and Hugley are gainfully employed enjoying all the rights and benefits of employment that were denied to Plaintiff, including compensation for unlimited overtime and benefits.

140.    Additionally, Defendant Howard not only enjoys his current employment, income, unlimited overtime and benefits, he is also employed earning his additional compensation due to his promotion that Defendant City awarded him, despite his wrongful conduct toward Plaintiff.

141.    Further, Defendant Herring and Bruno are retired and are enjoying all the rights and benefits of a full retirement that were denied to Plaintiff in that they can earn unlimited income and are not restricted by any early retirement provisions.

## COUNT I

**HOSTILE WORK ENVIRONMENT, RETALIATION**

**Title VII**

**(Defendant City)**

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

142.    Plaintiff re-alleges and incorporates by reference the allegations set forth in all prior paragraphs of this Complaint.

143.    Defendants subjected Plaintiff to a pattern of discriminatory harassment in the Ecorse Police Department that is sufficiently severe or pervasive to alter the conditions of Plaintiff's employment.

144.    Defendant City's employees, Defendant Herring, Howard, Mercado, and Hugley directed anti-homosexual insults, jokes, and comments about Plaintiff because of Plaintiff's race and sex/sexual orientation while not conforming to gender stereotypes.

145.    Defendant City and its supervisors and employees created and perpetrated a racially and sex/sexual orientation motivated pattern of discriminatory harassment against Plaintiff that involved interfering with his work and unjustifiably harming Plaintiff's reputation among not only the officers of the Ecorse Police Department, but also officers and civilians outside of the Ecorse Police Department, which made Plaintiff's job§§§ harder.

146.    Defendant City and its supervisors and employees subjected Plaintiff to a pattern of discriminatory harassment that has lasted more than five years.

147.    Reasonable employees in Plaintiff's position would believe that Plaintiff's work environment was abusive and/or hostile.

148.    Plaintiff believed that his work environment was abusive and/or hostile.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

149.     Plaintiff made several complaints, both verbally and in writing to Defendant City as well as the Michigan Department of Civil Rights and Equal Opportunity Employment Commission.

150.     Defendant City's management, which had notice of the hostile and discriminatory conduct and environment, failed to undertake prompt, effective remedial action reasonably calculated to end the harassment.

151.     Defendant City had policies in place to ensure remedial action could be taken, as evidenced by other City employees receiving prompt action; but, Defendant City failed to follow these policies or the same process in this matter.

152.     Defendant City, through its supervisors and agents permitted a continuous harassment of Plaintiff because Plaintiff is a Caucasian, homosexual male.

153.     Defendant City's acquiescence and non-response to address the harassment that Plaintiff complained of violated Title VII

154.     Plaintiff's protected conduct was a significant factor in Defendants' decision to retaliate against him.

155.     As a result of this discrimination, harassment, and retaliation, and Plaintiff's early medical retirement resulting in a constructive discharge, Plaintiff lost out on financial opportunities and advancement in his chosen career.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

156.     Plaintiff's financial losses include lost compensation in the form of salary, overtime, gun and uniform allowances, court time, and compensated training time.

157.     Plaintiff's non-financial losses include extreme emotional distress that affected his personal and professional life and precluded advancement in his chosen career.

158.     As a result of this discrimination, Plaintiff has suffered significant loss.

159.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

**PLAINTIFF REQUESTS** that the court award Plaintiff damages reflecting the blatant disregard Defendant City demonstrated for Plaintiff's rights under Title VII including:

(a) Loss of wages and fringe benefits;

(b) Severe mental anguish and distress;

(c) Embarrassment and humiliation;

(d) Mental anguish stemming from the outrage he experienced as a result of the actions taken against him;

(e) Fright, shock, and mortification;

(f) Pain and suffering;

(g) Damage to reputation;

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

(h) Punitive damages;

(i) Costs and attorney fees; and

(j) Grant any other relief the court deems appropriate or necessary.

**COUNT II**

**HOSTILE WORK ENVIRONMENT**

**42 U.S.C §§ 1981 & 1983**

160.    Plaintiff re-alleges and incorporates by reference the allegations set forth in all prior paragraphs of this Complaint.

161.    Plaintiff as a part of his Collective Bargaining Agreement had a contractual right to not be harassed, intimidated, or discriminated against for a protected characteristic under the law.

162.    Defendants subjected Plaintiff to a pattern of discriminatory harassment in the Ecorse Police Department that is sufficiently severe or pervasive to alter the conditions of Plaintiff's employment.

163.    Defendant City's employees, Defendant Herring, Howard, Mercado, and Hugley directed anti-homosexual insults, jokes, and comments about Plaintiff because of Plaintiff's race.

164.    Defendant City and its supervisors and employees created and perpetrated a racially and sex/sexual orientation motivated pattern of discriminatory

THE WHITTLE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

harassment against Plaintiff that involves interfering with his work and unjustifiably harming Plaintiff's reputation among not only the officers of the Ecorse Police Department, but also officers and civilians outside of the Ecorse Police Department, which made Plaintiff's jobs harder.

165.    Defendant City and its supervisors and employees subjected Plaintiff to a pattern of discriminatory harassment that has lasted more than five years.

166.    Reasonable employees in Plaintiff's position would believe that Plaintiff's work environment was abusive and/or hostile and that this abuse was pervasive and severe.

167.    Plaintiff believed that his work environment was abusive and/or hostile and that this abuse was pervasive and severe.

168.    Plaintiff made several complaints, both verbally and in writing to Defendant City as well as the Michigan Department of Civil Rights and Equal Opportunity Employment Commission.

169.    Defendant City's management and final policy maker(s), which had notice of the hostile and discriminatory conduct and environment, failed to undertake prompt, effective remedial action reasonably calculated to end the harassment.

170.    Defendant City, through its supervisors and agents permitted a continuous harassment of Plaintiff because Plaintiff is a Caucasian male.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

171.      Defendant Herring, Howard, Hugley, and Mercado's actions along with Defendant City's acquiescence and non-response to address the harassment violated 42 U.S.C § 1981.

172.      As a result of this discrimination, harassment, and retaliation, and Plaintiff's early medical retirement resulting in a constructive discharge, Plaintiff lost out on financial opportunities and advancement in his chosen career.

173.      Plaintiff's financial losses include lost compensation in the form of salary, overtime, gun and uniform allowances, court time, and compensated training time.

174.      Plaintiff's non-financial losses include extreme emotional distress that affected his personal and professional life and precluded advancement in his chosen career.

175.      As a result of this discrimination, Plaintiff has suffered significant losses.

176.      The amount in controversy exceeds $75,000, exclusive of interest and costs.

177.      Plaintiff brings this claim through the remedial mechanisms of 42 U.S.C. § 1983.

**PLAINTIFF REQUESTS** that the court award Plaintiff damages reflecting the blatant disregard Defendants demonstrated for Plaintiff's rights under § 1981 and § 1983 including:

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

(a) Loss of wages and fringe benefits;

(b) Severe mental anguish and distress;

(c) Embarrassment and humiliation;

(d) Mental anguish stemming from the outrage he experienced as a result of the actions taken against him;

(e) Fright, shock, and mortification;

(f) Pain and suffering;

(g) Damage to reputation;

(h) Punitive damages;

(i) Costs and attorney fees; and

(j) Grant any other relief the court deems appropriate or necessary.

**Count III**

**DISPARATE TREATMENT, RETALIATION**

**Title VII**

**(Defendant City)**

178.     Plaintiff re-alleges and incorporates by reference the allegations set forth in all prior paragraphs of this Complaint.

179.     Defendant City subjected Plaintiff to a pattern of disparate treatment and adverse action in Defendant City of Ecorse Police Department on account of his race

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

and sex/sexual orientation that materially affects the compensation, terms, conditions, or privileges of his employment.

180.    Defendant City denied Plaintiff the same process and benefits afforded to African American, heterosexual employees when not taking any remedial action reasonably calculated to mitigate the harassment Plaintiff suffered and that Defendant City certainly knew was occurring.

181.    Defendant would not subject Plaintiff to disparate treatment if Plaintiff were not a Caucasian homosexual male.

182.    Defendant City and individual defendants' conduct was not motivated by a lawful reason.

183.    Plaintiff made several complaints, both verbally and in writing to Defendant City as well as the Michigan Department of Civil Rights and Equal Opportunity Employment Commission.

184.    Defendants retaliated against Plaintiff for his complaints of disparate treatment.

185.    As a result of Defendant's disparate treatment and retaliation, Plaintiff suffered harm, including economic losses and emotional distress.

186.    The amount in controversy exceeds $75,000, exclusive of interest and costs.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

**PLAINTIFF REQUESTS** that the court award Plaintiff damages reflecting the blatant disregard Defendant City demonstrated for Plaintiff's rights under Title VII including:

(a) Loss of wages and fringe benefits;

(b) Severe mental anguish and distress;

(c) Embarrassment and humiliation;

(d) Mental anguish stemming from the outrage he experienced as a result of the actions taken against him;

(e) Fright, shock, and mortification;

(f) Pain and suffering;

(g) Damage to reputation;

(h) Punitive damages;

(i) Costs and attorney fees; and

(j) Grant any other relief the court deems appropriate or necessary.

## COUNT IV

## DISPARATE TREATMENT

### 42 U.S.C §§1981 & 1983

187.    Plaintiff re-alleges and incorporates by reference the allegations set forth in all prior paragraphs of this Complaint.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

188.     As a part of his Collective Bargaining Agreement with Defendant City, Plaintiff had a contractual right to not be harassed, intimidated, retaliated against, or discriminated against for a protected characteristic under the law including for his race.

189.     Defendant City subjected Plaintiff to a pattern of disparate treatment and adverse action in Defendant City of Ecorse Police Department on account of his race that materially affects the compensation, terms, conditions, or privileges of his employment.

190.     Defendant City denied Plaintiff the same process and benefits afforded to African American employees when Defendant City did not take any remedial action reasonably calculated to mitigate the harassment Plaintiff suffered and that Defendant City certainly knew was occurring.

191.     Defendant would not subject Plaintiff to disparate treatment if Plaintiff were not a Caucasian male.

192.     Defendant City and individual defendants' conduct was not motivated by a lawful reason.

193.     As a result of Defendant's disparate treatment, Plaintiff suffered harm, including economic losses and emotional distress.

194.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

195.    Plaintiff brings this claim through the remedial mechanisms of 42 U.S.C. § 1983.

**PLAINTIFF REQUESTS** that the court award Plaintiff damages reflecting the blatant disregard Defendants demonstrated for Plaintiff's rights under § 1981 and § 1983 including:

(a) Loss of wages and fringe benefits;

(b) Severe mental anguish and distress;

(c) Embarrassment and humiliation;

(d) Mental anguish stemming from the outrage he experienced as a result of the actions taken against him;

(e) Fright, shock, and mortification;

(f) Pain and suffering;

(g) Damage to reputation;

(h) Punitive damages;

(i) Costs and attorney fees; and

(j) Grant any other relief the court deems appropriate or necessary.

## COUNT V

## RACE AND SEX/SEXUAL ORIENTATION DISCRIMINATION AND RETALIATION IN VIOLATION OF § 1983

THE WHITTLE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

**FOURTEENTH AMENDMENT EQUAL PROTECTION**

196.     Plaintiff re-alleges and incorporates by reference the allegations set forth in all prior paragraphs of this Complaint.

197.     42 U.S.C. § 1983 protects against the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by persons acting under the color of law.

198.     All Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

199.     Defendants created a hostile work environment because of Plaintiff's race, sex/sexual orientation.

200.     Defendant City, Bruno, Flowers, Thomas, and Marsh failed to intervene to stop the hostile work environment.

201.     Plaintiff had a good faith and reasonable basis to complain about race and sex/sexual orientation discrimination, constituting protected activity under 42 U.S.C. § 1983.

202.     Moreover, the hostile work environment was caused by a policy or custom of Defendant City, and/or by final policy making officials of Defendant City.

203.     At all times relevant to this Complaint, Defendants and their agents were acting under color of the laws, customs and usages of the State of Michigan within the meaning of 42 U.S.C. § 1983.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

204.    The behavior by the above listed Defendants occurred when the Defendants were acting within the scope of their employment and used incidents and tools of their employment in order to perpetuate the discrimination and harassment of Plaintiff.

205.    Defendants' discriminatory practices have caused Plaintiff severe emotional distress and ultimately led to his constructive discharge from the severe mental anguish that Defendants' conduct caused.

206.    Accordingly, Defendants have violated Plaintiff's right to equal protection under the Fourteenth Amendment to the United States Constitution.

207.    As a result of Defendants' disparate treatment, hostile work environment and retaliation, Plaintiff suffered harm, including economic losses and emotional distress.

208.    The amount in controversy exceeds $75,000, exclusive of interest and costs.

**PLAINTIFF REQUESTS** that the court award Plaintiff damages reflecting the blatant disregard for Plaintiff's rights under the Fourteenth Amendment including:

(a) Loss of wages and fringe benefits;

(b) Severe mental anguish and distress;

(c) Embarrassment and humiliation;

(d) Mental anguish stemming from the outrage he experienced as a result of the actions taken against him;

(e) Fright, shock, and mortification;

(f) Pain and suffering;

(g) Damage to reputation;

(h) Punitive damages;

(i) Costs and attorney fees; and

(j) Grant any other relief the court deems appropriate or necessary.

## COUNT VI

## DISCRIMINATION AND RETALIATION IN VIOLATION OF § 1983 FIRST AMENDMENT FREE SPEECH AND RIGHT TO PETITION

209.    Plaintiff re-alleges and incorporates by reference the allegations set forth in all prior paragraphs of this Complaint.

210.    42 U.S.C. § 1983 protects against the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by persons acting under the color of law.

211.    Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

212.    Defendant City is a municipal corporation. Defendant City is liable under 42 U.S.C. § 1983 because a custom, practice, or policy of the municipality caused the violations of Plaintiffs' constitutional rights, and/or because city officials with final

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

policymaking authority violated Plaintiffs' constitutional rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

213.    Plaintiff engaged in protected activity when he exercised his First Amendment rights to free speech on matters of public concern to the community and to petition the government for his grievances.

214.    The above action was not part of Plaintiff's official duties or within the scope of his employment as a law enforcement officer in the Ecorse Police Department.

215.    In taking the above action, Plaintiff spoke out as a citizen of the community.

216.    The behavior by the above listed Defendants occurred when the Defendants were acting with the scope of their employment.

217.    Defendants' discriminatory and retaliatory practices have caused Plaintiff harm, including severe emotional distress, and lost wages.

218.    In their creation of a hostile work environment, disparate treatment, and in the constructive termination of Plaintiff, Defendants denied Plaintiff his constitutional right to free speech and his right to petition the government for grievances, and retaliated against him for the exercise of his right, as guaranteed by the First Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

219.     As a result of Defendants' disparate treatment, hostile work environment and retaliation, Plaintiff suffered harm, including economic losses and emotional distress.

220.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

**PLAINTIFF REQUESTS** that the court award Plaintiff damages reflecting the blatant disregard for Plaintiff's rights under the First Amendment including:

(a) Loss of wages and fringe benefits;

(b) Severe mental anguish and distress;

(c) Embarrassment and humiliation;

(d) Mental anguish stemming from the outrage he experienced as a result of the actions taken against him;

(e) Fright, shock, and mortification;

(f) Pain and suffering;

(g) Damage to reputation;

(h) Punitive damages;

(i) Costs and attorney fees; and

(j) Grant any other relief the court deems appropriate or necessary.

## COUNT VII

## CIVIL CONSPIRACY IN VIOALTION OF § 1985

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

(Defendants Herring, Howard, Hugley, Mercado, Lackey, Flowers, Thomas, and

Marsh)

221.    Plaintiff re-alleges and incorporates all of the above allegations by

reference.

222.    Defendants Herring, Howard, Hugley, Mercado, Lackey, Flowers,

Thomas, and Marsh engaged in a conspiracy and unlawful agreement to deprive

Plaintiff of his constitutional and statutorily protected right to work in an environment

free of racial and sexual harassment/hostile work environment and his right not to

suffer adverse employment actions on the basis of his race and sex/sexual orientation

and non-conformance to gender stereotypes.

223.    This conspiracy was motivated by animus with respect to Plaintiff's race

and sex/sexual orientation and for not conforming to gender stereotypes.

224.    The purpose of the conspiracy was to discredit Plaintiff's valid

complaints of racial and sex/sexual orientation discrimination and retaliation in

violation of his federal civil rights.

225.    The purpose of the conspiracy was also to obtain Plaintiff's termination

from the Ecorse Police Department on a pretextual basis, knowing that the true

motivation was racial and sex/sexual orientation discrimination in violation of federal

law.

226.     The overt acts of racial and sex/sexual orientation discrimination and intimidation in furtherance of the conspiracy undertaken by all members of the conspiracy are detailed above.

227.     The purpose and effect of the conspiracy was part of the same effort by all Defendants effort to deprive Plaintiff of the substantive rights provided by the Fourteenth Amendment to the U.S. Constitution and by 42 U.S.C. § 1981 and § 1983 as alleged above.

228.     Accordingly, Defendants have violated Plaintiff's rights as protected by 42 U.S.C. § 1985.

229.     As a result of Defendants' conspiracy and disparate treatment, hostile work environment and retaliation, Plaintiff suffered harm, including economic losses and emotional distress.

230.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

**PLAINTIFF REQUESTS** that the court award Plaintiff damages reflecting the blatant disregard for Plaintiff's rights under the Fourteenth Amendment including:

(a) Loss of wages and fringe benefits;

(b) Severe mental anguish and distress;

(c) Embarrassment and humiliation;

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258

(d) Mental anguish stemming from the outrage he experienced as a result of the actions taken against him;

(e) Fright, shock, and mortification;

(f) Pain and suffering;

(g) Damage to reputation;

(h) Punitive damages;

(i) Costs and attorney fees; and

(j) Grant any other relief the court deems appropriate or necessary.

## JURY TRIAL DEMAND

Demand for trial by jury is hereby made for all issues triable by a jury.

**RESPECTFULLY SUBMITTED:**

*/s/ Dennis G. Whittie*

_____
**THE WHITTIE LAW CENTER, PLLC**
**DENNIS G. WHITTIE (P79560)**

Dated: December 4, 2024

THE WHITTIE LAW CENTER, PLLC
1500 N. Stephenson Hwy., Suite 239
Royal Oak, MI 48067
(313) 365-0258